Lawrence H. Meuers, Esq. (SBN 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

FILED

2008 JUN 19  P 2:44

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

FRESH LOGISTICS, LLC,
a limited liability company,

    Plaintiff,

vs.

PREMIUM FRESH FARMS, LLC, a California limited liability company; SALVADORE PAUL TARANTINO, an individual; EMMITT L. PFOST, an individual; PAUL E. DUNHAM, an individual; PDP ASSOCIATES, LLC, a California limited liability company; and AG HARVESTING & TECHNOLOGIES, LLC, a California limited liability company;

    Defendants.

Case No.: C08 03024 PVT

CIVIL ACTION COMPLAINT

BY FAX

For its Complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1. Plaintiff is Fresh Logistics, LLC ("Fresh Logistics"), a Delaware limited liability company with its principal place of business located at 7200 E. Brundage Lane, Bakersfield, California.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

Civil Action Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 12

3. Defendants are:

   a) Premium Fresh Farms, LLC (the "Debtor" or "Premium Fresh"). Upon information and belief, Premium Fresh is a California limited liability company with its principal place of business located at 20800 Spence Road, Salinas, California. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q (the "PACA");

   b) Emmitt L. Pfost ("Pfost") an individual, upon information and belief, is an owner, director, officer or shareholder of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Pfost is a resident of Salinas, California

   c) Paul E. Dunham ("Dunham") an individual, upon information and belief, is an owner, director, officer or shareholder of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Dunham is a resident of Salinas, California.

   d) PDP & Associates, LLC ("PDP") a California Limited Liability Company, and a Member of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, PDP maintains its principal place of business at the same location as the Debtor - 20800 Spence Road, Salinas, California.

   e) Ag Harvesting & Technologies, LLC ("Ag Harvesting") a California Limited Liability Company, and a Member of the Debtor, and in that capacity controlled or was in a position to control the assets of the

Debtor. Upon information and belief, Ag Harvesting maintains its principal place of business at the same location as the Debtor – 20800 Spence Road, Salinas, California.

    f) Salvadore Paul Tarantino ("Tarantino") an individual, upon information and belief, is an owner, director, officer or shareholder of the Debtor, PDP and Ag Harvesting, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Tarantino is a resident of Salinas, California.

4. Premium Fresh, Pfost, Dunham, Tarantino, PDP and Ag Harvesting will be collectively referred to as "Defendants." Pfost, Dunham, Tarantino, PDP and Ag Harvesting will be collectively referred to as the "Principals."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## CLAIMS FOR RELIEF

### COUNT I

### DEFENDANT PREMIUM FRESH

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

*7 U.S.C. § §499e(c)(3) and (4)*

7. Plaintiff re-alleges paragraphs 1 through 6 as if stated herein.

8. At all times relevant to this action, Premium Fresh was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA").

9. Between September 5 and November 16, 2007, Plaintiff sold to Premium Fresh in interstate commerce, and Premium Fresh purchased from Plaintiff, Produce in the total amount of $37,843.76.

10. Plaintiff delivered the produce to Premium Fresh and Premium Fresh accepted the Produce from Plaintiff.

11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Premium Fresh's receipt of the Produce, Premium Fresh became trustee of the PACA trust for the benefit of Plaintiff in the amount of $37,843.76. The PACA trust consists of all Premium Fresh's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

12. Plaintiff gave written notice of intent to preserve trust benefits to Premium Fresh in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Premium Fresh.

13. Premium Fresh failed to pay for the Produce despite Plaintiff's repeated demands.

14. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Premium Fresh's PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Premium Fresh with a valid PACA trust claim in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

## DEFENDANT PREMIUM FRESH

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

*7 U.S.C. §499e(c)(5)*

16. Plaintiff re-alleges paragraphs 1 through 15 as if stated herein.

17. Premium Fresh is in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Premium Fresh failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA trust assets.

19. As a direct result of Premium Fresh's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Premium Fresh to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT PREMIUM FRESH

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

*7 U.S.C. §499b(4)*

21. Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22. Premium Fresh received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Premium Fresh, as a PACA trustee, to hold its PACA

Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. Premium Fresh has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

26. As a direct result of Premium Fresh's failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Premium Fresh to maintain PACA Trust Assets equal to the sum of $37,843.76, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, directing Premium Fresh to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Premium Fresh from dissipating PACA Trust Assets.

## COUNT IV

## DEFENDANT PREMIUM FRESH

## VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

### 7 U.S.C. §499b(4)

28. Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

29. Premium Fresh received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. Premium Fresh failed to pay these invoices within the payment terms.

32. As a direct result of Premium Fresh's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Premium Fresh to immediately pay Plaintiff the sum of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT PREMIUM FRESH

## BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

35. Plaintiff and Premium Fresh entered into contracts under which Plaintiff agreed to sell the Produce and Premium Fresh agreed to purchase the Produce, each of which is described in paragraph 9 above.

36. Premium Fresh breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of Premium Fresh's breach of contract, the Plaintiff has incurred damages in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Premium Fresh in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPALS: PFOST, DUNHAM, TARANTINO, PDP & AG HARVESTING

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39. Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

40. At all times relevant to this action, the Principals were members, officers, directors, shareholders or employees of Premium Fresh.

41. As the Principals of Premium Fresh, Pfost, Dunham, Tarantino PDP and Ag Harvesting each had a duty to ensure that Premium Fresh fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding

PACA trust obligations, such as that owed to Plaintiff, as they became due.

42. The Principals had full knowledge and responsibility for the handling of Premium Fresh's duties as trustee of the PACA trust.

43. The Principals controlled or had a duty to control Premium Fresh's operations and financial dealings, including those involving the PACA Trust Assets.

44. Premium Fresh breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45. The Principals breached their respective fiduciary duties to direct Premium Fresh to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Premium Fresh.

46. As a direct result of the Principals' respective breaches of fiduciary duty, the Plaintiff has incurred damages in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

47. The Principals are personally liable to Plaintiff for the breach of their respective fiduciary duties in dissipating the PACA trust to the extent of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### THE PRINCIPALS: PFOST, DUNHAM, TARANTINO, PDP & AG HARVESTING
### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiff re-alleges paragraphs 1 through 48 as if stated herein.

50. Upon information and belief, Premium Fresh transferred PACA Trust Assets to one or more of the Principals.

51. These transfers of PACA Trust Assets were made in breach of the PACA

1 | trust.

2 | 52. The Principals continue to hold any and all PACA Trust Assets having come into their respective individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

5 | 53. As a direct result of Principals' receipt and retention of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

9 | 54. Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $37,843.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### THE PRINCIPALS: PFOST, DUNHAM, TARANTINO, PDP & AG HARVESTING

### FRAUDULENT TRANSFER

### Cal Civ Code §3439 *et. seq.* (2005)

18 | 55. Plaintiff re-alleges paragraphs 1 through 53 as if stated herein.

19 | 56. Upon information and belief, Premium Fresh transferred its assets to the Principals and to other unknown third parties.

21 | 57. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries' arose.

23 | 58. These transfers were made to or for the benefit of insiders of Premium Fresh on antecedent debts and were made without consideration.

25 | 59. Premium Fresh was insolvent at the time of these transfers.

26 | 60. At the time of these transfers, the recipients had reasonable cause to believe that Premium Fresh was insolvent.

28 | 61. These transfers were fraudulent transfers as proscribed by California's

1  Uniform Fraudulent Transfers Act, Cal Civ Code §3439 et. seq. (2005).

2      62.    Accordingly, Plaintiff seeks entry of an Order, as provided by Cal Civ Code §3439.07 (2005), avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $37,843.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

    **FOR THESE REASONS**, Plaintiff respectfully requests the entry of an Order providing as follows:

    A)    As to Count I, declaring that Plaintiff is a PACA Trust beneficiary of Premium Fresh with a valid PACA trust claim in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees;

    B)    As to Count II, directing Premium Fresh to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees;

    C)    As to Count III, directing Premium Fresh to maintain PACA Trust Assets equal to the sum of $37,843.76, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Premium Fresh from dissipating PACA Trust Assets and directing Premium Fresh to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

    D)    Enter Final Judgment in favor of Plaintiff and against Premium Fresh on Counts I through V, in the amount of $37,843.76, plus interest from the date each invoice became past due, costs and attorneys' fees;

    E)    As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $37,843.76, plus

interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

F) As to Count VII, requiring the Defendants to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $37,843.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

G) As to Count VIII, pursuant to Cal Civ Code §3439.07 (2005), avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $37,843.76, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

H) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on Tuesday, June 17, 2008.

MEUERS LAW FIRM, P.L.

*Lawrence H. Meuers*

Lawrence H. Meuers, Esq. (SBN 197663)
Katy Koestner Esquivel, Esq.
(Florida Bar No. 0159484)
5395 Park Central Court
Naples, Florida  34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com

*Attorneys for Plaintiff*

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
FRESH LOGISTICS, LLC,

### DEFENDANTS
PREMIUM FRESH FARMS, LLC, SALVADORE PAUL TARANTINO, EMMITT L. PFOST, PAUL E. DUNHAM, PDP ASSOCIATES, LLC

(b) County of Residence of First Listed Plaintiff: Kern, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Monterey, California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lawrence H. Meuers, Meuers Law Firm, P.L., 5395 Park Central Court, Naples, FL 34109, (239) 513-9191

Attorneys (If Known): UNKNOWN

*E-FILING*  *ADR*  **C08 03024 PVT**  *BY FAX*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury

**TORTS — PERSONAL INJURY**: 362 Personal Injury— Med. Malpractice; 365 Personal Injury — Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**CIVIL RIGHTS**: 441 Voting; 442 Employment; 443 Housing/ Accommodations; 444 Welfare; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 440 Other Civil Rights

**PRISONER PETITIONS**: 510 Motions to Vacate Sentence; Habeas Corpus: 530 General; 535 Death Penalty; 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition

**FORFEITURE/PENALTY**: 610 Agriculture; 620 Other Food & Drug; 625 Drug Related Seizure of Property 21 USC 881; 630 Liquor Laws; 640 R.R. & Truck; 650 Airline Regs.; 660 Occupational Safety/Health; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 730 Labor/Mgmt. Reporting & Disclosure Act; 740 Railway Labor Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**: 462 Naturalization Application; 463 Habeas Corpus – Alien Detainee; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 810 Selective Service; 850 Securities/Commodities/ Exchange; 875 Customer Challenge 12 USC 3410; 890 Other Statutory Actions; [X] 891 Agricultural Acts; 892 Economic Stabilization Act; 893 Environmental Matters; 894 Energy Allocation Act; 895 Freedom of Information Act; 900 Appeal of Fee Determination Under Equal Access to Justice; 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Enforcement of 7 U.S.C. § 499e(c) of the Perishable Agricultural Commodities Act, 1930
Brief description of cause: Enforcement of the PACA trust

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 37,843.76
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: 6/18/08

SIGNATURE OF ATTORNEY OF RECORD: Lawrence H. Meuers

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.